LORETTA C. HOUGHTON *vs.* JEAN B. BAILLARGEON.

JULY 3, 1933.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

476

MURDOCK, J. Heard on defendant's exceptions after a verdict for the plaintiff and the denial of defendant's motion for a new trial. The exceptions are to certain rulings, to the admission of testimony, to the refusal to charge the jury as requested, to the denial of defendant's motion for a directed verdict and to the denial of his motion for a new trial.

The action is trespass on the case for negligence. The defendant operates a taxicab for hire. Plaintiff was a passenger in defendant's cab which he drove down Carrington avenue in the city of Woonsocket to Manville Road, intending to make a left turn into said road and then proceed thereon to Woonsocket. When he arrived at the junction of Carrington avenue and said road, he brought his cab almost to a stop. At this time there was a car approaching on Manville Road on defendant's left. The defendant shifted gears and went into Manville Road and his cab came into collision with the approaching car.

At the commencement of the trial, defendant's counsel moved that the case be passed on the ground that the trial justice tried a case arising out of the same accident wherein the present defendant was the plaintiff, the defendant being one Bilodeau, the driver of the car with which defendant's cab was in collision. The trial justice denied the motion and defendant presses his exception to the ruling. There is no merit in this exception.

There was no statutory disqualification. See Section 3, Chap. 324, G. L. 1923. It was a matter resting in the

discretion of the trial justice whether he should retire from the case, and we see no abuse of this discretion.

Exception was taken to a statement made by the plaintiff's counsel in his opening to the jury to the effect that Bilodeau had agreed to contribute his share to the "common pot."

It is necessary to place before the jury in some form the fact—as bearing on the question of damages—that Bilodeau had paid $4,000 to the plaintiff as compensation for her injuries. The expression used might be said to be indicative of an admission at some time on defendant's part that he was liable. As liability was promptly disavowed by counsel, the expression, though not to be approved, was not so prejudicial to the defendant as to make the trial justice's refusal to pass the case ground of reversible error.

The exception to the admission of testimony related to the latitude allowed plaintiff's attorney in redirect examination in asking leading questions. This was a matter within the discretion of the trial justice and we do not find any abuse of discretion in respect thereto.

There was evidence of negligence on the part of the defendant; and the question of due care on the part of the plaintiff was, under the circumstances of this case, clearly for the jury to determine. The defendant's exceptions to the refusal to direct a verdict and to the denial of his motion for a new trial cannot be sustained.

Exception was taken to the following part of the judge's charge: "In other words, he was what the law calls a carrier for hire, and under those circumstances the duty of the defendant was to exercise that high degree of care and skill for the safety of his passengers which prudent and reasonable men would exercise under the same circumstances, and being a carrier for hire he was under an obligation to exercise a higher degree of care and skill than that imposed on a man who was operating a car not for hire, but just for ordinary purposes, pleasure and so on. That is a question of fact." We find no error in

this part of the charge. Defendant's counsel instead of requesting the court to add to his charge that "the degree of care which must be used by a carrier must be consistent with the orderly conduct of their business"—*Adams* v. *United Electric Rys. Co.*, 46 R. I. 312—simply took an exception "to that portion of the court's charge relating to the high degree of care." He should have presented a request to charge or have pointed out to the court wherein the charge as given was insufficient. Defendant takes nothing by this exception.

On the question of right of way, the court charged as follows: "In that respect, you may take into consideration the provisions of Chapter 99 of the General Laws of 1923, which provides as follows: 'Every driver or operator of a carriage or other vehicle approaching the intersection of a street or public highway shall grant the right of way at such intersection to any carriage or vehicle approaching from the right.' Now that is so, Gentlemen, of course. You may take that situation into consideration in determining the negligence of the defendant, but I put that to you with this qualification. If the defendant saw that it was a dangerous thing to do in view of an approaching vehicle, or if a reasonably prudent man would have known it to be dangerous in view of an approaching vehicle, he had no right to cross the street under such circumstances, notwithstanding the statute", to which exception is taken. We find no error in this part of the charge. The fact that the defendant had the right of way at the intersection does not excuse him from the charge of negligence if he exercised this right in the face of an apparent danger.

As to the question of damages which defendant says are excessive, the trial justice, after a careful review of the evidence relating to the extent of plaintiff's injuries, was of the opinion that the award of $4,000—after taking into consideration the fact that the plaintiff had already received $4,000—was not excessive. Plaintiff's injuries were painful and extensive, and we are of the opinion after reading the

record that the trial justice was justified in his refusal to disturb the verdict.

All of defendant's exceptions are overruled and the case is remitted to the Superior Court for the entry of judgment on the verdict.

*John R. Higgins*, for plaintiff.

*Quinn, Kernan & Quinn, Michael De Ciantis*, for defendant.